IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No.: 3:19-CR-00068-M |
| | § | |
| BRAYLON RAY COULTER (1), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Modify the Verdict (ECF No. 302), Motion for Judgment of Acquittal for "Lacking the Requisite 'Knowledge' to Actually or Constructively Possess Said Firearm" (ECF No. 303), Rule 29 Motion to Overturn Jury's Decision (ECF No. 304), Motion to Renew Motions (ECF No. 307), Motion Objecting to the Guilty Verdict of the Jury (ECF No. 308), Motion for New Trial (ECF No. 313), Motion for Dismissal (ECF No. 315), Motion for Belated Franks Hearing (ECF No. 322), and Motion for Reconsideration Based on Newly Discovered Evidence (ECF No. 325), filed by *pro se* Defendant Braylon Ray Coulter. For the following reasons, the Motions are **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On September 20, 2022, a jury convicted Defendant Braylon Ray Coulter of Count One of the Second Superseding Indictment. ECF No. 293. Count One charged Defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At trial, Defendant timely moved for acquittal, which the Court denied. ECF No. 319 at 89–90. Following trial, Defendant moved for judgment of acquittal, which the Court again denied. ECF No. 320 at 49. Defendant now files various motions, including motions

challenging the sufficiency of the evidence, seeking judgment of acquittal, and for a new trial under Federal Rule of Criminal Procedure 33.

## II. MOTIONS SEEKING JUDGMENT OF ACQUITTAL

Defendant presents motions challenging the guilty verdict and the sufficiency of the evidence, arguing that the evidence presented at trial was insufficient to sustain his conviction on Count One. *See* ECF No. 303 (*Motion for Judgment of Acquittal for "Lacking the Requisite 'Knowledge' to Actually or Constructively Possess Said Firearm"*); ECF No. 308 (*Motion Objecting to the Guilty Verdict of the Jury*). Specifically, Defendant argues that no reasonable juror could conclude that Defendant knowingly possessed the firearm as charged. The Court construes these motions as seeking judgment of acquittal under Federal Rule of Criminal Procedure 29. Defendant also moves under Rule 29 to overturn the verdict, arguing that Officer Guzman's testimony at trial contradicted his prior testimony made during a hearing on Defendant's Motion to Suppress. *See* ECF No. 304 (*Rule 29 Motion to Overturn Jury's Decision*).

Rule 29 requires the Court to grant a judgment of acquittal despite a guilty verdict where there is insufficient evidence to sustain a conviction. Fed. R. Crim. P. 29. Evidence to support a conviction is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014). A court must give great deference to the jury's verdict, reviewing evidence "in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury." *United States v. Moparty*, 11 F.4th 280, 296 (5th Cir. 2021) (quoting *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017)) (internal quotation marks omitted). The jury retains the sole authority to weigh any conflicting evidence and evaluate witness credibility.

*United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001).  The Court does not determine whether the verdict was correct, but rather, "whether the jury's decision was rational."  *United States v. Martinez*, 921 F.3d 452, 466 (5th Cir. 2019).  A verdict based on "mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference" is not considered rational.  *United States v. Pettigrew*, 77 F.3d 1500, 1521 (5th Cir. 1996).

The Court has reviewed Defendant's motions, as well as the testimony and exhibits presented before the jury, and concludes that the evidence presented at trial, viewed in the light most favorable to the Government, was sufficient to support the jury's verdict.  In addition, to the extent Defendant contends that a witness testified inconsistently, the jury weighed the credibility of the witnesses in reaching the verdict; Defendant had the opportunity to cross-examine the witness and raise any issues of credibility at trial.  Accordingly, because the evidence presented in this case was sufficient to support the jury's verdict on the sole count, Defendant's motions seeking judgment of acquittal are **DENIED**.

## III.    MOTIONS FOR A NEW TRIAL

Defendant files two motions that the Court construes as motions for a new trial under Federal Rule of Criminal Procedure 33.  *See* ECF No. 313 (*Motion for New Trial*); ECF No. 325 (*Motion for Reconsideration Based on Newly Discovered Evidence*).  Defendant contends that a new trial is warranted based on "newly discovered evidence," namely the trial testimony of Officer Guzman, and Defendant's belief that Officer Guzman's trial testimony contradicts his prior testimony and this Court's June 5, 2020, Order denying Defendant's Motion to Suppress. Specifically, Officer Guzman testified at the hearing on Defendant's Motion to Suppress that he had a reasonable suspicion to conduct a traffic stop and briefly detain Defendant, in part due to a general concern of potential burglaries in the area. *See* ECF No. 39 at 14–15.   Defendant now

maintains that Officer Guzman's prior testimony contradicts his trial testimony, during which Officer Guzman testified that he did not accuse Defendant of committing a burglary. *See* ECF No. 319 at 78.

Rule 33 permits the district court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33; *United States v. Mahmood*, 820 F.3d 177, 190 (5th Cir. 2016). The "interest of justice," moreover, may be determined by the "trial judge's evaluation of witnesses and weighing of the evidence." *United States v. Wall*, 389 F.3d 457, 465–66. (5th Cir. 2004). Although the Court has broad discretion in ruling on a Rule 33 motion, it may not grant a new trial unless "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006). These motions are "disfavored and must be reviewed with great caution." *United States v. Eghobor*, 812 F.3d 352, 363 (5th Cir. 2015). Rule 33 divides motions for a new trial into two categories: motions based on newly discovered evidence, and motions based on "other grounds." Fed. R. Crim. P. 33; *Wall*, 389 F.3d at 466. The Fifth Circuit recognizes five prerequisites—referred to as the *Berry* factors—that must be met to justify a new trial on the ground of newly discovered evidence: the defendant must prove that (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal. *Wall*, 389 F.3d at 467.

Defendant has not shown that the *Berry* factors justify a new trial in this case. The evidence forming the basis of Defendant's request—the purported contradiction between Officer Guzman's trial testimony and earlier statements—was both available to Defendant at trial and

goes solely to Officer Guzman's credibility, and thus is merely impeaching. Moreover, the evidence is not material to any of the elements that the Government had to prove at trial, and thus would not produce an acquittal. Instead, Defendant's requests for a new trial constitute yet another renewal of his challenge to the initial traffic stop, the continuation of that stop, and the subsequent search of his vehicle. The Court has previously addressed and rejected Defendant's challenges to the stop and associated search, and will not revisit its prior rulings. Accordingly, Defendant's Motions for New Trial are **DENIED.**

### IV. OTHER MOTIONS

In his "Motion to Renew Motions" (ECF No. 307), Defendant moves to renew his earlier motions filed at ECF No. 188, 190–92, 212, 226, 240, 242, 250, and 271. Defendant's Motion to Renew does not raise a substantial question of law and presents no substantial reasons for reconsideration of the Court's prior decisions. Accordingly, Defendant's Motion to Renew Motions is **DENIED.**

In his Motion for Dismissal (ECF No. 315), Defendant moves to dismiss the indictment on the grounds that the docket sheet in this case indicates that Assistant United States Attorney Gary Tromblay, who appeared on behalf of the Government in this case and during trial, is "Not Admitted" to the United States District Court for the Northern District of Texas.

Local Criminal Rules 57.7 and 57.9 provide that, to practice in this Court, attorneys must be admitted to practice in the Northern District of Texas or be granted leave to appear *pro hac vice* "[u]nless exempted by [Local Criminal Rule] 57.11." Local Rule 57.11 provides that "an attorney appearing on behalf of the United States Justice Department . . . shall be exempt from the requirements" of appearing *pro hac vice*, provided the attorney is otherwise licensed to practice law by the highest court of any state. The Court takes judicial notice of the fact that

5

Mr. Tromblay is licensed to practice law in the State of Louisiana. Accordingly, as an Assistant United States Attorney appearing on behalf of the Justice Department, Mr. Tromblay is entitled to appear in this case without being admitted to the Northern District of Texas or seeking leave to appear *pro hac vice*. Defendant's Motion to Dismiss (ECF No. 315) on these grounds is **DENIED.**

In his Motion for Belated *Franks* Hearing (ECF No. 322), Defendant moves for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and variously challenges the Court's denial of Defendant's prior Motion to Suppress relating to the constitutionality of the traffic stop. However, the Court has already denied Defendant's request for a Franks *hearing* (ECF No. 273), and as stated, will not revisit its prior decisions regarding Defendant's challenges to the stop and associated search. The Motion is **DENIED.**

To the extent Defendant seeks any relief in his filings titled "Notice of Fault and Opportunity to Cure and Contest Acceptance (ECF No 309) and "Final Notice of Default" (ECF No. 310), that relief is **DENIED.**

## V.    CONCLUSION

For the foregoing reasons, Defendant's post-trial motions (ECF Nos. 302, 303, 304, 307, 308, 313, 315, 322, and 325) are **DENIED.**

**SO ORDERED**.

February 1, 2023.

*[Signature: Barbara M. G. Lynn]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

6